UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PATRICK AUSTIN,

                             Plaintiff,

  -against-

JO-RACH, INC. d/b/a BABY JOHN'S PIZZERIA
and BES 2 LLC,

                            Defendants
-----------------------------------------------------------x

Caso No.  1:25-cv-5110

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Jo-Rach, Inc. d/b/a Baby John's Pizzeria and Bes 2 LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

      1.      This lawsuit arises from defendants' ongoing refusal to comply with fundamental disability access requirements. Plaintiff seeks declaratory and injunctive relief, along with damages and attorneys' fees, to address defendants' failure to meet the obligations imposed by Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.), its associated regulations, New York State Executive Law § 296, New York Civil Rights Law § 40, and the New York City Administrative Code § 8-107. Defendants own, lease, operate, or otherwise control a business that qualifies as a public accommodation under these laws, and they have failed to ensure it is accessible to individuals with disabilities. They are also legally responsible for the actions and omissions of their employees and agents.

      2.      Rather than comply with well-established accessibility requirements, defendants opted to ignore the law—presumably betting they could avoid enforcement. In doing so, they effectively decided that disabled individuals like plaintiff do not matter. This action seeks to change that by requiring defendants to bring their facility into compliance,

1

allowing plaintiff to access it with the same ease and dignity afforded to non-disabled patrons.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as the action arises under federal law concerning violations of the Americans with Disabilities Act. The Court also has supplemental jurisdiction over related state and city law claims pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred here and the public accommodation at issue is located within this District.

## PARTIES

5.  At all relevant times, plaintiff has resided in New York County, within the State of New York.

6.  Plaintiff uses a wheelchair due to severe spinal trauma involving the L3-L5 vertebrae, compounded by nerve palsy. These conditions cause significant mobility limitations, including impaired walking and restricted range of motion.

7.  Defendants own, lease, and/or operate a commercial property located at or near 191 Grand Street, New York, NY 10013 (the "Premises").

8.  Each defendant is authorized to conduct business within New York State and, at all relevant times, operated a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.  Each defendant qualifies as a public accommodation under the ADA (42 U.S.C. § 12181; 28 C.F.R. § 36.104), the New York Executive Law (§ 292(9)), and the New York City

Administrative Code (§ 8-102(9)), as they own, lease, operate, or control the Premises.

10. The Premises is considered a place of public accommodation because it is a privately operated facility open to the public and engaged in commerce.

11. Despite that designation, the Premises contains multiple architectural features that block or limit access to individuals with disabilities, including plaintiff.

12. On information and belief, the Premises was either built for first occupancy after January 26, 1993, or has undergone renovations since January 1992.

13. These renovations, believed to have occurred at various times after January 1992, include areas in and around the Premises.

14. Plaintiff regularly travels throughout New York City and frequently visits the neighborhood where the Premises is situated.

15. Plaintiff often visits the area to dine, shop, and spend time with family. He enjoys reading or listening to music while eating out.

16. He primarily uses an electric wheelchair to get around the city and occasionally relies on public bus service.

17. On or about May 8, 2025, plaintiff attempted to enter the Premises to try the Defendants' new pizzeria, which he understood to be operated by the well-known Cannoli King of Little Italy.

18. He was specifically interested in sampling the buffalo chicken pizza.

19. However, physical barriers prevented him from entering. Those same barriers remain in place.

20. The most immediate issue was a large step at the main entrance, which lacked

any form of assistance or method for contacting staff inside.

21. The experience left plaintiff feeling humiliated and excluded.

22. Despite this, he still wishes to return once the barriers have been addressed.

23. The Premises is located less than an hour from plaintiff's residence.

24. The layout, features, and elements of the Premises fail to meet the accessibility standards set forth in the ADA Accessibility Guidelines, including the 1991 and 2010 Standards, adopted under 28 C.F.R. Part 36.

25. Due to defendants' noncompliance, plaintiff has been denied equal, safe, and complete access to the business.

26. The Premises has not been constructed, altered, or maintained in a manner consistent with the ADA, the Administrative Code, the New York City Building Code, or the 2014 New York City Construction Code.

27. Examples of existing barriers include, but are not limited to:

28. The entrance lacks an accessible route, contains an unremediated step, and does not provide an accessible means of egress. No ramp is present despite being required.

29. Accessible routes must follow Section 206 and conform with Chapter 4 of the ADA Standards. At least one accessible path must connect the building entrance with adjacent sidewalks, public transportation, or parking. Entrances must comply with Sections 206.4 and 404. At least 60 percent of all public entrances must be accessible. Emergency egress must comply with referenced sections of the International Building Code. Level changes over ½ inch must be ramped in compliance with Sections 405 or 406.

30. The indoor dining area lacks accessible tables with compliant knee and toe clearance. A sufficient percentage of accessible tables is not provided.

31. Dining surfaces must meet Section 902. At least five percent of seating or standing areas at dining surfaces must be accessible. Clearance must comply with Sections 305, 306, and include forward approach and required depth and width measurements for both knees and toes.

32. The service counter is inaccessible.

33. These examples do not represent a full inventory of all accessibility barriers at the Premises.

34. A full site inspection would likely uncover additional violations.

35. To ensure compliance with the ADA and to avoid fragmented litigation, a comprehensive inspection is necessary. Plaintiff intends to amend this Complaint to incorporate additional violations discovered during that process.

36. Defendants denied plaintiff the ability to participate in or benefit from their services because of his disability.

37. They have not implemented or maintained policies and procedures to ensure access or to provide reasonable accommodations for disabled patrons.

38. Plaintiff faces an ongoing risk of discrimination due to defendants' continued noncompliance with accessibility laws. These barriers deter him from returning.

39. He often travels in the area and would like to visit the Premises multiple times once it becomes accessible. He looks forward to enjoying the unique dining experience defendants promote.

**FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

40. Plaintiff repeats and incorporates by reference all prior allegations as if fully

5

set forth here.

41. Plaintiff has a recognized disability under the ADA, as he is substantially limited in walking and in his range of motion. He uses a wheelchair for mobility and has restricted body movement.

42. Under 28 C.F.R. § 36.201(b), both the owner and the lessee of a place of public accommodation are jointly and severally liable under the ADA.

43. Neither party may contract away their legal obligations to comply with accessibility requirements, including through lease agreements.

44. Defendants have subjected plaintiff to unequal treatment by denying him full and equal access to their business. Their actions and inactions have also had a disparate impact on him as a disabled individual.

45. Through their ongoing failure to comply, defendants have effectively communicated to plaintiff and other disabled persons that they are unwelcome and unworthy of equal treatment.

46. Defendants have discriminated against plaintiff by constructing or operating a facility that is not readily accessible to or usable by individuals with disabilities, in violation of the 1991 and 2010 ADA Standards. See 28 C.F.R. § 36.401(a)(1); 42 U.S.C. § 12183(a)(1).

47. Their facility fails to offer equal and integrated access for people with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

48. Following alterations made to their business, defendants failed to ensure that accessible features were incorporated to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

49. Defendants also failed to make accessible the routes leading to primary function areas after alterations, in violation of 28 C.F.R. § 36.403.

50. Section 36.406 of the regulations requires that alterations comply with the 2010 ADA Standards for Accessible Design.

51. Defendants have failed to remove existing barriers where removal is readily achievable, in violation of 28 C.F.R. § 36.304. They could have implemented these changes without significant difficulty or expense.

52. By not removing these barriers, defendants have denied plaintiff access on the basis of disability, violating 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

53. In the alternative, they have failed to provide reasonable modifications or alternatives to ensure access as required under 28 C.F.R. § 36.305.

54. Their conduct represents a continuing pattern and practice of disability-based discrimination prohibited by 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

55. Defendants remain in violation of the ADA by maintaining and operating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

56. Plaintiff reasserts and incorporates all prior allegations as though fully restated.

57. Plaintiff has one or more medical impairments that, individually and collectively, interfere with the normal functioning of his body—specifically impacting mobility and range of motion. He qualifies as a person with a disability under Executive Law § 296(21).

58. Defendants have treated plaintiff unequally by denying him access to their business solely because of his disability.

59. By operating a facility that is not accessible to individuals with disabilities, defendants have violated New York State Executive Law § 296(2). Each has also aided or

facilitated the unlawful conduct of the other.

60. They have failed to implement all readily achievable accommodations to eliminate physical barriers in violation of Executive Law § 296(2)(c)(iii).

61. In the alternative, defendants failed to offer reasonable alternatives to physical barrier removal, contrary to Executive Law § 296(2)(c)(iv).

62. Defendants could have brought their place of public accommodation into compliance without undue hardship or financial burden.

63. Because of their unlawful conduct, plaintiff has experienced emotional harm, including embarrassment, anxiety, humiliation, and stress, and will continue to suffer these damages.

64. He is also entitled to recover compensatory damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

65. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.

66. Due to various medical conditions that substantially affect his bodily functions—especially with respect to walking and physical mobility—plaintiff qualifies as a person with a disability under Administrative Code § 8-102(16).

67. The Local Civil Rights Restoration Act of 2005, also known as Local Law 85, clarified that the Administrative Code should be interpreted independently and broadly to accomplish its remedial purpose. Section 8-130 explicitly rejects limiting interpretations based on parallel state or federal laws.

68. Consistent with that directive, the allegations here are to be construed in the broadest light possible in favor of plaintiff.

69. Defendants have denied plaintiff equal access by directly and indirectly refusing to provide the accommodations, advantages, and privileges available at their place of public accommodation, in violation of Administrative Code § 8-107(4). Each defendant has also aided and abetted the discriminatory actions of the other.

70. Defendants have discriminated against plaintiff by designing, operating, and maintaining a facility that is inaccessible to people with disabilities.

71. They continue to treat plaintiff differently by withholding access to their space due to his disability, again in violation of Administrative Code § 8-107(4).

72. Their conduct also violates Local Law 58, which governs accessibility standards in the City of New York.

73. As a direct result of this unlawful conduct, plaintiff has endured and continues to suffer emotional injuries, including humiliation, frustration, and emotional distress.

74. On information and belief, defendants' failure to make their facility accessible has been longstanding, intentional, and in flagrant disregard of plaintiff's rights under the Administrative Code.

75. By refusing to comply with laws that have been in place for decades, defendants have communicated that disabled patrons are not welcome in their establishment.

76. Defendants' conduct reflects willful or reckless disregard for the rights of others. Plaintiff is therefore entitled to seek punitive damages under Administrative Code § 8-502.

77. By operating a non-compliant space and avoiding the cost of lawful upgrades, defendants have profited from their discriminatory practices. Plaintiff seeks disgorgement of those unlawful profits with interest.

78. Plaintiff has suffered, and will continue to suffer, damages in an amount to be

determined at trial.

## FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

79. Plaintiff reaffirms and incorporates all previous allegations as if fully restated.

80. Defendants engaged in discriminatory conduct in violation of the New York State Executive Law, as previously alleged.

81. As a result of that unlawful conduct, plaintiff is entitled to recover the statutory monetary penalties provided under Civil Rights Law §§ 40-c and 40-d for each incident of discrimination.

## INJUNCTIVE RELIEF

82. Defendants' ongoing failure to comply with federal, state, and city disability access laws means plaintiff will continue to face unlawful discrimination without court intervention. Injunctive relief is necessary to compel defendants to modify their facility, operations, and practices to comply with the law.

83. Such relief is also required to ensure the Premises becomes fully accessible and usable by plaintiff in accordance with the applicable statutes and regulations.

84. In addition, injunctive relief should compel defendants to provide auxiliary aids or services, adopt compliant policies, and implement reasonable modifications to accommodate individuals with disabilities, as required by the ADA, the Executive Law, and the Administrative Code.

## DECLARATORY RELIEF

85. Plaintiff seeks a declaration from the Court identifying each of the accessibility violations committed by defendants and setting forth the corrective modifications needed to

bring the facility, its features, and defendants' policies into compliance with the law.

## ATTORNEY'S FEES, EXPENSES AND COSTS

86.  To enforce his legal rights, plaintiff has retained counsel and is entitled to recover reasonable attorney's fees, litigation costs, and related expenses pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: June 18, 2025

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com